UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2384** |
| **ZOAN PIECE, ET AL.** | **SECTION "R" (3)** |

## REPORT AND RECOMMENDATION

On January 7, 2022, this Court issued a Rule to Show Cause Order directing Plaintiff Latoya Brown to file a response in writing on the issue of this Court's subject-matter jurisdiction over her complaint no later than February 9, 2022. (Rec. Doc. No. 3). The Order stated, "[t]he failure to respond in writing as directed may result in the dismissal of the captioned complaint." *Id*. To date, no response has been filed into the record.

**I.    BACKGROUND**

*Pro se* plaintiff Latoya Brown filed her complaint on December 27, 2021, naming the following defendants: Apple, City of Austin Housing Authority, Zoan Pierce, Christle Ruffin, Mae Rose Brown, United States Postal Service, Brandon Brown, Tony Wright, Chane Galle, Carmelita Brow-Tripps, Teiona Brown, and Emmanuel Lee. (Rec. Doc. No. 1). The entire statement of Brown's claim is, "Phone hacked, can't email or contact anyone important," followed by "Car, phone." *Id*.

**II.   LAW AND ANALYSIS**

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal of a pauper complaint *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued to allow the Court to determine whether the complaint satisfies the requirements of the federal *in forma pauperis* statute. On its face, the complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969) (emphasis added); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is nothing new).

Federal courts are courts of limited jurisdiction. *MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

2

Here, Plaintiff did not check the box for either federal question or diversity jurisdiction. (Rec. Doc. No. 1). On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331, and Plaintiff has not alleged such jurisdiction. (Rec. Doc. No. 1). Based on the entire statement of Plaintiff's claim – "Phone hacked, can't email or contact anyone important" – the Court is unclear which, if any, constitutional or federal laws are at issue. Plaintiff, in failing to respond to the Rule to Show Cause order, has provided no clarity.

Plaintiff filled in a portion of the form labelled "If the Basis for Jurisdiction is Diversity of Citizenship" and provided her name and citizenship as the state of Louisiana. For a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654.

On the face of the complaint, Plaintiff has failed to allege complete diversity. Plaintiff alleges that she is a citizen of Louisiana, and lists multiple named defendants as also domiciled in Louisiana, including Zoan Pierce, Christle Ruffin, Mae Rose Brown, Chane Galle, and Emanuel Lee. (Rec. Doc. No. 1). Thus, Plaintiff has not established diversity nor federal question jurisdiction, and this Court lacks subject-matter jurisdiction over her complaint.

## III. RECOMMENDATION

Considering the foregoing,

**IT IS RECOMMENDED** that the complaint of Plaintiff Latoya Brown (Rec. Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of February, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**