UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATOYA BROWN                                    CIVIL ACTION

VERSUS                                          NO. 21-2384

ZOAN PIERCE, ET AL.                             SECTION "R" (3)

## ORDER

On December 27, 2021, plaintiff Latoya Brown filed a complaint against a dozen defendants.  In the amount-in-controversy section of her complaint, plaintiff wrote, "[p]hone hacked, can't email or contact anyone important," and in the statement-of-claim section, she wrote, "car, phone."[1] These are the only descriptions she provided of the nature of her claims. Plaintiff left blank the jurisdiction section of her complaint.  In the section entitled, "If the Basis for Jurisdiction is Diversity Citizenship," plaintiff indicted that she is a citizen of Louisiana.[2]  But in the list of parties to the complaint, plaintiff indicated that at least half of the named defendants also reside in Louisiana.[3]

---

[1]     R. Doc. 1 at 6.
[2]     *Id.* at 5.
[3]     *Id.* at 2-3.

On January 7, 2022, Magistrate Judge Dana Douglas issued a Rule to Show Cause Order that directed plaintiff to provide a written statement of her position concerning this Court's subject-matter jurisdiction by February 9, 2022.[4]  The order indicated that her "failure to respond in writing as directed may result in the dismissal of the captioned complaint."[5]  Plaintiff did not respond to the order.

Thereafter, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending this Court dismiss plaintiff's complaint without prejudice because plaintiff "has not established diversity nor federal question jurisdiction, and this Court lacks subject-matter jurisdiction over her complaint."[6]  Plaintiff did not object to the R&R.

In the absence of objections, the Court reviews the R&R for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The Court finds that there is no clear error.

---

[4]     R. Doc. 3 at 3-4.
[5]     *Id.* at 4.
[6]     R. Doc. 4 at 4.

Federal courts are courts of limited jurisdiction.  *MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). There is nothing on the face of the complaint to indicate that plaintiff's claim arises under federal law.  Accordingly, there appears to be no federal question jurisdiction.  The court also lacks diversity jurisdiction under 28 U.S.C. § 1332, as the complaint makes clear that there is not complete diversity among the parties.  Plaintiff identified herself as a citizen of Louisiana, and although the complaint indicates that some defendants may be citizens of other states, at least six of them appear to be citizens of Louisiana.  Plaintiff thus has not met her burden of establishing complete diversity.  *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

District courts must "'dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"  *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)).  The R&R properly recommends that the

Court do so here.  The Court hereby approves the R&R and adopts it as its

own opinion.  Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.


New Orleans, Louisiana, this __2nd__ day of November, 2022.

_Sarah Vance_
_____
        SARAH S. VANCE
UNITED STATES DISTRICT JUDGE